## N. E. HILL v. ESTATE OF R. B. HILL.

### No. 7556.

**Business Homestead — Abandonment.** — R. B. Hill had a blacksmith shop upon a lot detached from his residence. The shop was burned down. The husband then became a constable and deputy sheriff. A store house was erected upon the lot and leased for a year. One month of the time had passed when he died. An application of the widow to have the lot set apart to her and the children of the deceased as exempt property by reason of it being the business homestead, was refused. On appeal, *held*, it appearing that the lot was not used, nor was it adapted or reasonably necessary for the business pursued by the husband, it could not constitute a business homestead; as such it had been abandoned. See facts.

APPEAL from Fannin. Tried below before Hon. E. D. McCLELLAN.

*Richard B. Semple*, for appellant, cited: Archibald v. Jacobs, 69 Texas, 248; Sanders v. Sheran, 66 Texas, 655; Bowman v. Watson, 66 Texas, 295; Foreman v. Meroney, 62 Texas, 723; Cline v. Upton, 56 Texas, 320.

*Lusk & Thurmond* and *G. W. Donaldson*, for appellees, cited: Shryock v. Latimer, 57 Texas, 674; Hargadene v. Whitfield, 71 Texas, 482; Pfeiffer v. McNatt, 74 Texas, 640.

TARLTON, JUDGE, *Section B.* — This is an appeal by N. E. Hill, the widow of R. B. Hill, deceased, from a judgment of the District Court of Fannin County, rendered August 22, 1889. By this judgment the court refused to set aside, on the application of appellant, a certain store house and lot in the town of Ladonia, Fannin County, as a part of the homestead of her husband, R. B. Hill, at the date of his death. It is claimed by appellant that the property was exempt as the business homestead of the deceased. This claim presents the sole question for our consideration.

R. B. Hill was a citizen of Ladonia. He owned and occupied a residence in that town. He was killed December 15, 1887, leaving the appellant, his widow, and six minor children. The store house and lot in question were about fifty yards distant from his residence, separated by intervening streets and lots. A blacksmith shop had once occupied the lot, in which Hill himself had followed the business of a blacksmith. This shop was burned several years prior to Hill's death. After its destruction Hill ceased business as a blacksmith. He built upon the lot the store house in question, which he rented out to persons conducting a mercantile business. At the time of Hill's death it had been leased for a period of one year, about one month of the term having expired. Hill refused to rent it for a shorter term than one year. Meanwhile, continuously since the burning of the blacksmith shop up to his death, Hill had been filling the office of constable and of deputy sheriff. This was his

exclusive business until about a month prior to his death, when he additionally, in the name of his wife, the appellant, engaged in the mercantile business, with one Gooch as his partner.  This mercantile business was carried on in a rented store house on a lot different from the one in question.  A short time before his death, Hill expressed to his wife the intention to build "as soon as he got able" a larger and better store house on the lot in question, and to carry on his business therein.  So some six months prior to his death, one Cole proposed to purchase from him the house and lot.  Hill declined to sell, saying that " when he got able " he intended to erect on the lot a larger house, and intended to keep it as a " nest egg " for his family; that he did not carry on his mercantile business in the house, because it was rented and the lease was not yet out; that the house was too small, and he could not use it until he built a larger house on the lot.  Hill also expressed to his wife the intention to become a candidate for sheriff, and to other witnesses he expressed a similar intention on the day on which he was killed.

The trial court concluded, that " R. B. Hill, at his death, had abandoned the house and lot in question as a part of his homestead, and that the property could not be set apart to his family as a portion of the homestead."  We concur in this conclusion.

After the destruction of the blacksmith shop, Hill wholly ceased the business for which he had previously used the property, and the property itself was subjected to a use foreign to the employment as constable, in which he engaged.  The store house was rented for a series of years.  It was thus permanently, not temporarily, rented.  Not only was it not used, but it was neither adapted nor was it reasonably necessary for the business pursued by Hill.  Thus it could not constitute a business homestead.  Pfeiffer v. McNatt, 74 Texas, 640.  As such it had been clearly abandoned; and such was its status at the time of Hill's death.  An intention, under these circumstances, on his part to make of it a place of business, " as soon as he got able"—an indefinite time in the future—is wholly immaterial.  Shryock v. Latimer, 57 Texas, 674.

The statement above detailed of Mrs. Hill with reference to her husband's intention as to the property was, on motion of appellee, excluded by the court.  This motion was made after the witness had testified to the declaration of her husband, and after she had been, to some extent, subjected to cross-examination.  Appellant complains that the court erred in excluding the statement, because the motion came too late.  We have treated the statement of Mrs. Hill as in the record, and have concluded that it does not affect the issue.  Hence, if the court erred in the matter referred to, the error is harmless.

It is manifest that the judgment should be affirmed.

*Affirmed.*

Adopted May 31, 1892.