G. B. HULL ET AL. v. NAUMBERG, KRAUSE, LAUER & CO. ET AL.

No. 9.

1. **Judgment Lien—Suit to Enforce.**—Where a judgment rendered in the County Court has, by abstract duly filed, become a lien on the real estate of the debtor, the judgment creditor may, without first resorting to execution and levy, maintain an action in the District Court to cancel a claim of homestead set up by the debtor, and to enforce the judgment lien against the real estate so claimed as exempt.

2. **Homestead Exemption—Place of Business—Abandonment.**— One who has sold his stock of merchandise, rented out his store house, and engaged in a different business, is not entitled to claim exemption of such store house as his place of business because of a mere intention to again resume business as a merchant in such house at an indefinite time in the future, and dependent on a contingency that might not happen.

APPEAL from Grayson. Tried below before Hon. H. O. HEAD.

The opinion contains a statement.

*Woods & Brown*, for appellants.— 1. An action of debt does not lie on a judgment unless it be either dormant or has lost its lien under the statute. Rev. Stats., arts. 1634, 3210; Johnson v. Murphy, 17 Texas, 219; Masterson v. Cundiff, 58 Texas, 472; Anderson v. Boyd, 64 Texas, 108; Lea v. Giles, 21 Am. Dec., 476.

2. The lien of a judgment is general upon all the land of the debtor in the county subject to forced sale, and can not be foreclosed upon any particular tract of land. Rev. Stats., art. 3160; Webster v. Willis, 56 Texas, 469; Mayes v. Jones, 62 Texas, 365; State v. Lewellyn, 25 Texas, 799; Canard v. Ins. Co., 1 Pet. (U. S. Sup. Ct. Rep.), marginal pp. 443, 444; Pierce v. Brown, 74 U. S. Sup. Ct. Rep., bottom p. 138; Massingill v. Downs, 7 How. (U. S. Sup. Ct. Rep.), marginal p. 768.

3. A judgment creditor has no equity or equitable interest in the real estate of his debtor against which his lien attaches, and can not invoke the equity powers of the court to aid his lien against any particular tract

of land, but is left to his remedy under the statute of execution, levy, and sale. State v. Lewellyn, 25 Texas, 799; Webster v. Willis, 56 Texas, 469; Mayes v. Jones, 62 Texas, 365; Taylor v. Gillean, 23 Texas, 516; Price v. Brady, 21 Texas, 619; Arthur v. Batte, 42 Texas, 161; Lanning v. Carpenter, 48 N. Y., 412, 413; Jones on Liens, sec. 112; Freem. on Judg., sec. 338.

4. The remedy of a judgment creditor is full, adequate, and complete in law, and equity will not lend additional force without an allegation of some fraud or. an act on the part of the creditor which jeopardizes or tends to defeat his remedy at law, and all legal remedies have been exhausted. Taylor v. Gillean, 23 Texas, 516; Price v. Brady, 21 Texas, 619; Arthur v. Batte, 42 Texas, 161.

5. A business homestead once acquired is not abandoned and thereby subjected to forced sale by the temporary renting by the judgment debtor, with no intention of abandoning it as his place of business. Kaufman & Runge v. Fore, 73 Texas, 308; Wynne v. Hudson, 66 Texas, 7, 8; Const., art. 16, sec. 51; King v. Harter, 70 Texas, 579; Shryock v. Latimer, 57 Texas, 679.

6. A failing debtor owning and occupying a business homestead has a reasonable time, considering the surroundings, to resume business and occupy his place of business. Hargadene v. Whitfield, 71 Texas, 489; Gassoway v. White, 70 Texas, 477; Scheuber v. Ballow, 64 Texas, 166.

*Hare, Edmunson & Hare*, for The Martin Clothing Company, and *Bryant & Dillard*, for Naumberg, Krause, Lauer & Co.—1. Although a domestic judgment may not be dormant, an action can be brought upon it in the same manner as upon any contract. Freem. on Judg., sec. 432; Becknell v. Becknell, 7 West. Rep., 622; Hummer v. Lamphear, 49 Am. Rep., 491; Simpson v. Cochran, 52 Am. Dec., 402, and note; Stewart v. Lander, 16 Cal., 372; Kingsland v. Forrest, 52 Am. Dec., 233, and note; Campbell v. Martin, 87 Ind., 577; Palmer v. Green, 73 Ind., 529; Gould v. Hayden, 63 Ind., 443

2. The action was properly brought for the purpose of determining whether or not defendants' claim of homestead was valid, and whether or not all or any part of the land should be subjected to the debts of plaintiffs and the Martin Clothing Company, and if so, how much. Lynn v. Le Gierse, 48 Texas, 138; Gaines v. Bank, 64 Texas, 18; Cassaday v. Anderson, 53 Texas, 536.

3. At the time plaintiffs and the Martin Clothing Company acquired their judgment liens the property which the court decreed to be subject to the liens was not the homestead of defendants, nor was there such intention upon their part to occupy it as a homestead, coupled with preparation for early occupancy, as would in any way sustain a claim of homestead to it. Shryock v. Latimer, 57 Texas, 674; Hargadene v. Whitfield,

71 Texas, 482; Wynne v. Hudson, 66 Texas, 1; Pfeiffer v. McNatt, 74 Texas, 640; Langston v. Maxey, 74 Texas, 155.

TARLTON, Chief Justice.— Naumberg, Krause, Lauer & Co. were judgment creditors of G. B. Hull by virtue of a judgment of the County Court of Grayson County, dated February 6, 1889, for the principal sum of $392.15. This judgment was duly and legally fixed as a lien upon the real estate of Hull, by abstract filed on June 1 and August 1, 1889, and recorded and indexed as provided by law.

The Martin Clothing Company was also a creditor of G. B. Hull by virtue of a judgment of the County Court of Grayson County, dated February 6, 1889, for the principal sum of $616.16. This judgment was also duly and legally fixed as a lien upon the real estate of Hull, by abstract filed February 6, 1889, and recorded and indexed as required by law.

G. B. Hull was at the dates named the owner of certain real estate in the town of Pottsboro, occupied by himself and his wife Julia and their family; and also of a certain business lot and store building which had been used by him while pursuing the occupation of a merchant, but which at the dates named was rented out to others engaged in the mercantile business.

This suit was instituted in the District Court of Grayson County by Naumberg, Krause, Lauer & Co. against G. B. Hull and his wife Julia, the Martin Clothing Company being made a party defendant.

Plaintiffs alleged their judgment and judgment lien upon the property referred to. They alleged that Mrs. Julia Hull was setting up title to the property; that G. B. Hull, through himself or his tenants, was in possession thereof; and that defendants named were falsely claiming it to be their homestead. They also alleged that the Martin Clothing Company was claiming a judgment lien against the property, which, if it existed, was inferior to plaintiffs' lien. They prayed that their lien be decreed to be superior to that of the Martin Clothing Company; that it be declared and foreclosed against all the parties; that an order of sale issue; and for writ of possession and for general relief.

The Martin Clothing Company answered, asserting its lien and the priority thereof to the lien of plaintiffs. It alleged that the defendants Hull were asserting a fraudulent homestead claim to the property described in plaintiffs' petition. It prayed for the recognition of its judgment lien as prior to that of plaintiffs, and that the property described be subjected to its lien, and for its order of sale and for general relief.

The defendants G. B. and Julia Hull urged a general demurrer and divers special exceptions, and pleaded the homestead exemption.

The court overruled the demurrers; adjudged that the property on which defendants lived was exempt as their homestead, and as to it found for defendants; decreed the business house and lot to be subject to the judg-

ment liens; adjudged the amount of plaintiffs' judgment to be $429.47 with 8 per cent interest, and that of the Martin Company to be $684 with 10 per cent interest; adjudged the lien of the Martin Company to be superior to that of the plaintiffs; foreclosed the liens on the property found to be subject to execution, awarding an order of sale and a writ of possession.   From this judgment G. B. Hull and wife appeal.

Appellants strenuously insist that upon the facts disclosed by the petition this suit can not be maintained; that it is an action of debt on a judgment which was not dormant and which had not lost its lien under the statute; that the judgment lien being general will not support an action for foreclosure upon a specific tract of land; that the judgment creditor can not (as he seeks to do) invoke the equity powers of the court against any particular tract of land, but that he must resort in the first instance to the process of execution, levy, and sale; that the judgments involved having been rendered by the County Court, the District Court is without jurisdiction to enforce or foreclose liens securing the judgment of a court of inferior jurisdiction.

It is true that this case presents the features involved and criticised in the foregoing propositions, but it is something more than a suit for the purposes named.   It involves an inquiry into the homestead claim alleged to be false and pretended, which consequenty burdens the property that plaintiffs claim to be subject to their judgment lien, and which, unless removed, impairs the efficacy of the lien.   By this action plaintiffs in effect seek to have this homestead claim held for nought.

It has been held by our Supreme Court that a creditor having a judgment lien against the real estate of a debtor may maintain a suit to assert such lien against his debtor and another to whom the property had been fraudulently conveyed, without in the first instance procuring execution and levy.   Lynn v. Le Gierse, 48 Texas, 138; Cassaday v. Anderson, 53 Texas, 536; Gaines v. Bank, 64 Texas, 18.

An equitable proceeding is justified under such circumstances, on the ground that the conveyance beclouds the title, depreciates the property, and thus, uncancelled, impedes the creditor from realizing on his judgment.

We think that the effect of the fraudulent homestead claim would be the same as in the case of a fraudulent conveyance, and that it would equally justify a resort to equity.   Nor is this conclusion affected by the fact that in this instance the judgments sought to be enforced emanated from a County instead of a District Court.   They were nevertheless liens upon the real estate of the defendant Hull, and their efficacy was impaired (if the plaintiffs' allegations were true) by the fraudulent homstead claim of the defendants.   The homestead claim is a claim to an estate in land, and a suit to hold it for nought and to subject the property to a judg-

ment lien, which, as we understand, is the nature of this proceeding, is properly brought in the District Court. If the plaintiffs had adopted the method suggested by the appellants, and had purchased the property at execution sale under their judgment, they would then in an action of trespass to try title have had to test the validity of their judgment and of their lien and the merits of the defendants' homestead claim. We see no good reason why, in the first instance, they can not in the same tribunal test the same questions by the simpler and less expensive means here pursued.

We are thus brought to the complaint that the court erred in finding against the homestead claim of the defendants with reference to the business house and lot involved.

This property consisted of a lot and a two-story stone building. It was separated from the residence property adjudged to the defendants. G. B. Hull had been pursuing the business of a merchant in this building. In December, 1888, he became embarrassed and sold his stock of goods to Schneider Bros. & Co. At this time (December 15, 1888) he leased the lower story of his building to his vendees until January, 1889. He then leased a part of this story to one Neff for the year 1889, and a portion to the United States postmaster for an indefinite period, rent payable monthly. The upper story he rented to the Masonic lodge for a term of five years, beginning January 1, 1889. He himself after the sale engaged in the occupation of a drayman. The defendant stated that when he sold his merchandise and rented his store house he did not intend to abandon it as a place of business; that he expected to resume business "as soon as he was able to do so;" that this ability depended upon his realizing upon notes and accounts due him, which he reasonably expected to collect, and also upon a remittance of $2000 expected by his wife from her father's estate in Tennessee; that the money to be thus collected he would apply to his debts, when he would again resume business in the store house, which he still claimed as his business homestead.

It was shown that at this time the defendant's debts amounted to $1795, and the evidence indicated that the notes and accounts referred to were against insolvent parties.

When the defendant sold his stock of merchandise he ceased altogether to follow that business. The property was not thereafter in any sense used by him as a place to follow the occupation or calling of the head of a family. The only specific business in which he thereafter engaged was that of drayman, in connection with which the property was in no way used and to which it was not adapted. We do not think that the mere intention to again resume business in this property at an indefinite time in the future, dependent upon a contingency which might never happen, could retain and perpetuate in it the homestead character. Such an in-

tention is immaterial. Shryock v. Latimer, 57 Texas, 674; Pfeiffer v. McNatt, 74 Texas, 640; Hill v. Hill's Estate, 19 S. W. Rep., 75.

The judgment will therefore be affirmed.

*Affirmed.*

Delivered November 23, 1892.

Justice HEAD did not sit in this case.