## O. T. LYON v. A. H. FILES.

### Decided May 9, 1909.

**1.—Evidence—Interrogatories Taken as Confessed—Waiver.**

When a defendant in a civil suit fails and refuses without excuse to answer ex parte interrogatories propounded to him by the plaintiff, the plaintiff has a right to have such of them as are in form to be confessed, to be so taken and read to the jury. The filing of a motion to that effect and a failure to call the same to the attention of the court before announcement for trial will not operate as waiver of this right.

**2.—Urban Homestead—Renting Room—Business or Calling.**

Upon the same lot in a city a debtor had two dwelling houses, one of which he occupied as a home for himself and wife and the other he rented to tenants and used the income as a means of support; he was aged and had no other occupation or support. Held, the renting of rooms in such manner was not a "business" or "calling" within the meaning of the Constitution defining a homestead.

**3.—Same—Abandonment—Evidence.**

The building of a rent-house upon a homestead lot in a city or town does not necessarily constitute an abandonment of that portion of the lot as a part of the homestead. Evidence considered, and held to present a question of fact for the jury.

Appeal from the District Court of Hill County. Tried below before Hon. L. C. Hill, Special Judge.

*R. M. Vaughan* and *H. G. Hart*, for appellant.

*Morrow & Smithdeal*, for appellee.—The facts showing that appellee was an old man; that he had rooms in the two story house that were not needed for his own uses when he lived in that house; and that he sometimes lived in the little house and sometimes in the big house, and that he made it his business to rent the rooms in either house, and relied upon the renting of rooms for a livelihood, and had no other business or

calling; there was sufficient evidence in the record to justify the court in submitting to the jury the question as to whether said property was exempt to the defendant as a business homestead. Shryock v. Latimer, 57 Texas, 677; Freeman v. Cates, 22 Texas Civ. App., 623; Bowman v. Watson, 66 Texas, 297.

BOOKHOUT, Associate Justice.—This suit was brought by appellant to foreclose judgment lien on lot No. 11 out of the William Braig 20-acre tract in Hillsboro, Texas. The petition alleged in substance the rendition of a judgment in Justice's Court, precinct No. 1, Hill County, in favor of O. T. Lyon v. A. H. Files & Company for $215.86, with interest and costs, on the 29th day of June, 1891; that said judgment was in full force and unsatisfied; that execution issued thereon within one year from the rendition of the same; that executions had regularly issued to keep the judgment alive; that it had been abstracted and the abstracts fully filed and indexed in the proper records of Hill County. That at the date of the recording and indexing of said abstracts of judgment, respectively, the said defendant, A. H. Files, was and is now the owner of the following described real estate situated in Hill County, Texas: (setting out a description of the property), and that upon all of the above described real estate and improvements thereon a valid lien was then created and now exists.

On the 5th day of May, 1907, defendant filed his original answer consisting of general exception, general denial, plea claiming the property on which the lien is sought to be foreclosed to be exempt as his urban homestead for his family; also claiming said property to be exempt as a business homestead. Said plea alleging in part: "That defendant has no occupation, calling or business except the renting of rooms that he had upon said property, two dwelling houses. That some time he lived in one, and some time the other; that he rented whatever portion of the house he could rent for an income and lived in the other portion. That said renting is his only occupation, business or calling. That he has heretofore conducted such lodging house and renting business for the benefit of his said family."

On the 7th day of June, 1907, appellant filed his first supplemental petition, consisting of first general denial, and allegation: "That on the real estate described in the first amended original petition there is now and has been for a number of years two sets of improvements, viz.: on the southwest portion a large two-story dwelling house, and on the northwest portion a one-story dwelling house, and that said dwelling houses are now and have been for a long time separated one from the other by a fence, and that the defendant has never at any time occupied both of said dwelling houses for a place of abode for himself and family, but for the past several years has kept rented out one of said dwelling houses to others for their use as a home, and that said defendant is now residing in the two-story dwelling, said one-story dwelling being rented out to other parties, and that in truth and in fact defendant's homestead is said two-story dwelling, and that portion of the real estate described in plaintiff's second amended original petition included within the fencing around said two-story dwelling, and that by constant use and occupation of said two-story dwelling and said prem-

ises included within said fence around same has become, and is in fact by such appropriation and use, the homestead of said defendant, that in fact he has no homestead interest in said one-story dwelling and the land included within the enclosure and fencing that surround said one-story dwelling. That the portion of land within the enclosure around said one-story dwelling is described as follows:" (description here follows).

On the 8th day of June, 1907, a trial of this cause was had before a jury, which resulted in a verdict and judgment for the plaintiff for the amount of the principal, interest and costs sued for, and for defendant for the tract of land described in plaintiff's second amended original petition as defendant's homestead, and not subject to any lien in favor of plaintiff. Appellant's motion for new trial having been overruled he perfected an appeal to this court.

*Opinion.*—The appellant had caused to be propounded to defendant below certain interrogatories, to which a commission was regularly attached, and placed in the hands of a notary public, and defendant was duly summoned to be and appear before the said notary and make answer thereto. The defendant failed and refused to appear and answer the interrogatories, and the notary so certified. Upon the trial the plaintiff's counsel offered to read such of these interrogatories as were of a nature to be taken as confessed, but the court, upon objection being made by defendant, declined to permit plaintiff to do so, and plaintiff accordingly excepted and this action is made the basis of the first and second assignments. The defendant having failed and refused to answer the *ex parte* interrogatories without any excuse for his failure, the plaintiff was entitled to have such of them as were in form to be confessed, to be read to the jury. Sayles' Civ. Stats., art. 2297; Gulf, C. & S. F. Ry. v. Melson, 5 Texas Civ. App., 387; Locust v. Randle, 46 Texas Civ. App., 544.

Appellee insists that the appellant waived his right to have the interrogatories taken as confessed by his filing a motion to that effect and failing to call the motion to the attention of the court before announcing ready for trial. Such motion was unnecessary and appellant by filing the same and failing to call the court's attention thereto, did not waive his statutory right to have the interrogatories confessed. While the action of the trial court in these respects was error, we are not prepared to say that, under the facts, we would reverse the judgment, because of such error. The facts which appellant sought to have taken as confessed were admitted by counsel for appellee upon the trial to be true. The testimony of appellee did not in any way contradict the facts so admitted. It would seem that this error of the court was harmless.

The court, at the request of appellee, upon the trial gave a special charge as follows: "Under the Constitution and laws of this State the lot which the head of a family, residing in a town, uses for his calling or business is exempt from forced sale, and if you believe from the evidence that the calling or business of the defendant was that of renting rooms, and further believe from the evidence that the larger house on the premises in controversy was reasonably adapted to said

calling or business, and further believe from the evidence that the renting of the smaller house is temporary, and that defendant has at all times had a bona fide intention of moving into said smaller house, and using said larger house for the exercise of his calling or business, you will find for the defendant, even though you may believe from the evidence that during the time said smaller premises had been rented, the defendant has not used the same as a part of his homestead."

The giving of this charge is assigned as error. This charge submits the issue that if the calling or business of appellee is that of renting rooms and that the larger house is adapted to the said calling or business and that the renting of the smaller house is temporary and it is his intention to move into the smaller house and use the larger house for the exercise of his calling or business, they should find for defendant.

Appellee purchased the property in controversy in 1886 and moved upon it and made it his homestead. He was at the time a married man and head of a family. There was a two-story dwelling house on it at the time of his purchase. It also contained a chicken house. The property at the time was worth about $3,000. Appellee moved off the property in 1897 and remained away two years, but with the intention of returning. He did return, and his two-story house being occupied by a tenant, whose lease had six months to run, he built a one-story house on one side of the lot fronting North Pleasant Street and moved his family in it and used it as a residence. After the two-story house was vacated he moved into it and rented the small house. The rents are used for the support of his family. The two-story house has four rooms, each sixteen feet square, two downstairs and two upstairs. It has two halls, dining room, kitchen, pantry and bathroom. Since 1899, appellee has had no business except renting the small house. He also rents out rooms in the two-story house. He and his wife use the dining room and kitchen and one room and rent out the balance of the rooms. His children have grown up and moved away and he and his wife are left alone. Appellee has no income except from his rents, that while the part of the property upon which the one-story house stands is fenced, there is a gate which connects it with the remainder of the property and his horse and cows graze upon the entire property, and appellee uses the peaches from the trees growing on the small lot even when occupied by tenants. There is but one well on the property from which all parties use water. The appellee is 77 years of age. He testified it had never been his intention to abandon any part of the property as his homestead and that it is his intention and purpose, if he can rent the two-story house, to return and occupy the one-story house.

The Constitution of this State protects to the family in a city, town or village a homestead which "shall consist of a lot or lots not to exceed in value $5,000 at the time of their designation as the homestead, without reference to the value of the improvements thereon; provided that the same shall be used for the purposes of a home or as a place to exercise the calling or business of the head of a family." The sense in which the words, "calling" and "business," were used in the Constitution is stated by Judge Stayton, in Shryock & Rowland v. Latimer, 57 Texas, 677, thus: "The words 'calling' and 'business' are evidently used in the Constitution in a very broad sense when taken together, but the signifi-

cation of each one is uncertain; yet we are to infer that they were not used to designate the same thing. Taken together, they certainly embrace every legitimate avocation in life by which an honest support for a family may be obtained. The former was probably used in the sense of 'profession' or 'trade,' which would embrace all such employments as by course of study or apprenticeship in any of the learned professions, liberal arts, or mechanical occupations, a person has acquired skill or ability to follow, and which has become practically a matter of personal skill, in its nature not temporary in existence. The latter word was probably used in contradistinction to the other, to denote that which Mr. Webster defines to be the general meaning of the word, 'that which occupies the time, attention and labor of men for the purpose of profit or improvement,' and this may be temporary. . . . The 'calling' may exist as a fact, whether it be practiced or not with the other, the actual employment in the given occupation furnishes the only means to determine whether the 'business' exists or not. With the one as well as with the other, the use of the property in the calling or business of the claimant is essential to preserve the exemption after a sufficient designation has been made."

It seems clear that the renting of rooms by appellee was not the pursuit of a calling within the meaning of the Constitution. Nor do we think the renting of rooms in the manner shown by the evidence constituted such a "business" as the Constitution contemplates in exempting a place for the exercise of his business. The renting of rooms in the manner shown by the evidence does not constitute the exercise of a calling or business within the meaning of the Constitution, and the giving of this charge was error.

The property had been dedicated by appellee as his resident homestead and the issue was, had any part of it been abandoned by him? Appellee testified that he did not intend in building the small house to abandon that part included in the lot upon which this house was erected, and it may be that the jury found that he had not abandoned this part of the property, in which event we would not reverse on appeal in the absence of conclusive proof of abandonment. Freeman v. Cates, 22 Texas Civ. App., 623. But we are unable from the record to say that they did not base their finding, in part at least, upon the charge which we hold should not have been given.

For the error in giving the special charge quoted the judgment is reversed and the cause remanded.

*Reversed and remanded.*