## CASEY v. WALKER–SMITH CO.
### No. 10490.

Court of Civil Appeals of Texas. Galveston.
May 5, 1936.

Rehearing Granted Jan. 13, 1938.

Mark M. Carter, of Goose Creek, for appellant.

McDonald & Wayman and H. E. Kleinecke, Jr., all of Galveston, for appellee.

McDonald, Wayman & Kleinecke, of Galveston, for appellee on motion for rehearing.

LANE, Justice.

This is a suit brought by J. B. Casey against Walker-Smith Company, a corporation, praying for the issuance of an injunction, restraining Walker-Smith Company from selling, under execution on the 5th day of May, 1936, that part of lot 8 in block 6 in the town of Mont Belvieu, in Chambers county, Tex., described as follows:

"Beginning 31st North from the N. E. Corner of Lot No. 7, in Block No. 6, with Mont Belvieu and Cedar Bayou Road; Thence West parallel with the North line of Lot No. 7, to the East line of Lot No. 17, Block No. 6.

"Thence North with the East line of Lot No. 17, in Block No. 6, to the S. W. corner of the W. O. W. tract of land;

"Thence East with the South line of the said W. O. W. tract to the Mont Belvieu and Cedar Bayou Road;

"Thence South with said road the place of beginning."

Plaintiff alleged that S. S. Sherer, sheriff, under the direction of the said defendant has advertised said property to be sold on the first Tuesday in May, 1936, the same being the 5th day of May, in a public auction at the courthouse door of Chambers county, Tex., and, unless the defendant is restrained from so doing, said property will be sold to the highest bidder at said place on said date at the instance of the defendant in satisfaction of defendant's purported judgment.

Plaintiff also prays for a decree of the court making such injunction permanent upon final hearing.

Plaintiff further alleged that he is a married man and has so been for more than ten years, having a wife and children, all of whom, during such time, lived in the town of Mont Belvieu; that on or about the 8th day of April, 1936, defendant caused an execution to be issued upon a judgment it had against plaintiff and caused the same to be placed in the hands of S. S. Sherer, sheriff of Chambers county, Tex., for service and execution, and directed said sheriff to levy upon the lot above described.

Plaintiff further alleged:

"That the property as above described is the business homestead for himself and family and that prior to 1931 the Plaintiff herein operated on said property in a building and improvements located thereon, a general mercantile store; that he was using said premises and property as above described as his business homestead and that he had no other homestead at that time or prior thereto and that he has no other business homestead at this time nor has he had at any time subsequent to 1930 save and except the property above described and the improvements situated thereon. That at all times subsequent to 1930 Plain-

tiff has kept in storage in a portion of the building located on said land as above described certain store fixtures used by him in his business at the time he made an assignment for the benefit of his business creditors on or about the 1st day of January, 1931; that at the time he made such assignment he was indebted to the Defendant herein and a great many other creditors and that all of said creditors' participated in such assignment with the exception of the Defendant and the International Shoe Company; that all of his property, including goods, wares and merchandise, accounts receivable and choses in action and every other character of property which he owned at that time, with the exception of his business homestead and residential homestead, were turned over to the Houston Wholesale Credit Men's Association, acting on behalf of all of the creditors of Plaintiff at that time. That in said assignment the Plaintiff claimed and listed the property described herein as his business homestead which fact was to the Defendant well known. That the Defendant has from and since said time known that the Plaintiff herein was claiming and using the property above described as his business homestead and well knowing that it was Plaintiff's intention to go into business in the near future at which time he would re-enter the property above described for use as a business homestead and reestablish himself and his business in the improvement on the property above described and he now alleges that the value of the land as above described is less than $5000.00 and that the improvements are reasonably worth $1000.00.

"3. Plaintiff alleges further that he has never abandoned the above property and his business thereon as his business homestead, that he has always claimed the same and used the same as his place of business in which he had and has and will continue to use the same as a general mercantile business to gain a livelihood for himself, wife and children.

"4. Plaintiff alleges further that if the Defendant is permitted to have said property sold as advertised that such sale and the sheriff's deed passing title out of him will constitute a cloud on his title to said property and that he will be irreparably injured to his damage in the sum of $3000.00 and that he will be forced to file a multiplicity of suits in order to clear his title to said property in the event same is sold by the Defendant under its levy and as advertised."

The petition was duly sworn to by the plaintiff.

Defendant answered by general demurrer and general denial.

The court sustained the general demurrer.

The plaintiff, J. B. Casey, has appealed, and assigns the action of the court in sustaining the general demurrer as reversible error.

We sustain appellant's contention. We think if the allegations of the plaintiff's petition are established by proof, appellant would be entitled to the injunction prayed for. Wherefore, it becomes the duty of this court to reverse the judgment of the trial court and to remand the cause for a trial upon its merits, and it is accordingly so ordered.

Having ordered a reversal of the judgment and having remanded the cause for trial on its merits, it becomes our duty to cause to be issued a temporary restraining order, restraining S. S. Sherer, sheriff of Chambers county, Tex., and Walker-Smith Company, and their respective deputies, agents, and employees, from selling or causing to be sold the property herein above described pending the trial of this cause on its merits, and it is so ordered.

Reversed and remanded.

## On Appellee's Motion for Rehearing.

CODY, Justice.

■ We have concluded that our conclusion in our original opinion was erroneous. From appellant's petition it appears that he had not occupied or used the premises since January 1, 1931, other than to keep stored there certain fixtures used by him before he made an assignment for benefit of his creditors. It further appears from appellant's petition that he has not been in business since January 1, 1931, and that, while he was willing to go into business in the near future, he has only a willingness to do so. There is no showing of a definite intention to use the property in question in his business, at any definite time, coupled with the means of doing so. This is not sufficient. Shryock v. Latimer, 57 Tex. 674; Alexander v. Lovitt, 95 Tex. 661, 69 S.W. 68, 69; Hull v. Naumberg, 1 Tex.Civ.App. 132, 20 S.W. 1125. "The mere intention to again engage in the business could not supply the place of an existing business and the use of the property in its exercise, both of which were essential to the execution." The Alexander Case, supra.

The effect of our present ruling is to dissolve the restraining order or temporary injunction heretofore issued by this court.

Motion for rehearing granted, our former judgment set aside, and trial court's judgment affirmed.

PLEASANTS, C. J., absent.