**In re Walter KRUG d/b/a Wallen Production, Debtor.**

**Bankruptcy No. 88–70213.**

United States Bankruptcy Court, W.D. Texas, Midland/Odessa Division.

Jan. 6, 1989.

Robert R. Truitt, Jr., Midland, Tex., for debtor.

### DECISION AND ORDER ON EXEMPTION CLAIMS OBJECTIONS

LEIF M. CLARK, Bankruptcy Judge.

At Midland, Texas, came on for hearing the objections by Arlington Helbing, Jr., Clara Lee Benckenstein, and S & E Company, to the debtor's claim of exemption to four lots as his business homestead. Upon consideration thereof, the court makes the following findings and conclusions.

The debtor, in addition to his residence, claims four lots as his business homestead.[1]

---

1. No one has objected to the debtor's claim on his residence, which is therefore deemed allowed. 11 U.S.C. § 522(l); In re Montgomery, 16 BCD 1351 (Bankr.W.D.Tex.1987).

Of these four lots, three are contiguous. The fourth is a portion of a pipe yard. The total area of the four lots plus the residence is just shy of one acre. The debtor has claimed the Texas exemptions, which permit a debtor to exempt real property as his or her homestead.

> If used for the purpose of an urban home or as a place to exercise a calling or business in the same urban area, the homestead of a family or single adult person, not otherwise entitled to a homestead, shall consist of not more than one acre of land which may be in one or more lots, together with any improvements thereon.

Tex.Prop.Code, § 41.002(a).

There is no dispute that the property is urban in character and totals less than one acre. The parties also acknowledge that the debtor should be able to exempt one of the lots, 1310 W. Illinois, as business homestead, as there is no dispute that the debtor exercises his business or calling at that location. The dispute centers on the two remaining contiguous lots, 1311 W. Ohio and 1305 W. Ohio, and the 2000 square feet of pipe yard. As more fully set out herein, the court concludes that the debtor may not claim these properties as exempt business homestead property, and so sustains the objections to the extent of these properties.

### ANALYSIS

As a general rule, the Texas homestead exemptions are to be construed liberally in favor of the debtor. *Green v. Raymond*, 58 Tex. 80, 83 (1882); *see Woods v. Alvarado State Bank*, 118 Tex. 586, 19 S.W.2d 35, 35 (1929). That liberality should not be taken to mean that the homestead exemption is available to every whim of a debtor. Texas courts require that, in order for a given property qualify as exempt, it must satisfy certain tests. *See generally, Burk Royalty Co. v. Riley*, 475 S.W.2d 566, 568 (Tex.1972). In the case of a business homestead, two conditions must be met. First, the head of the family must have a calling or business to which the property is reasonably adapted and reasonably necessary. Second, the property must be used as a place to exercise the calling or business of the head of the family. *Mays v. Mays*, 43 S.W.2d 148, 152 (Tex.Civ.App.—Beaumont 1931, writ ref'd), *citing Shrvrock & Rowland v. Latimer*, 57 Tex. 674, 677 (1882). That the debtor here has a calling or business is largely conceded by the objecting parties.[2] The question here is whether the three parcels, consisting of the pipe yard, and the two houses at 1305 and 1311 W. Ohio pass muster under the balance of the aforementioned test.

The Texas Supreme Court in *McDonald v. Campbell* clarified the application of the business homestead to lots such as these:

> Whilst the law means to allow the head of the family, exempt from execution, one or more lots where he may exercise his vocation and conduct his business, its scope is not intended to extend so far as to protect from execution a lot or lots in excess of the lot or lots on which the vocation or business of the family is followed, even though such extra lots might be actually used in a way which was incidentally useful or profitable to the business which was being followed.

**2.** The point is not entirely free from question, however. Although the terms "business or calling" are construed broadly to encompass "every legitimate avocation in life by which an honest support for a family may be obtained," *Shrvrock & Rowland v. Latimer, supra* at 677, the case law admonishes that the property in question must be adapted and reasonably necessary for the business. *De Guire v. Title Realty Co.*, 98 S.W.2d 249, 251 (Tex.Civ.App.—Ft. Worth 1936, writ dism'd w.o.j.); *see* D. Askanase, "Exemptions—The Sequel," p. D–12, *presented at* Advanced Consumer Bankruptcy Course, State Bar of Texas (Sept.1988). This in turn strongly suggests that the business or calling contemplated in the old cases was one which would require the special adaptation of the property in question to the particular calling or business exercised, such as, for example, a dentist's office or an auto mechanic's garage. *See Mays v. Mays*, 43 S.W.2d 148, 152 (Tex.Civ.App.—Beaumont 1931, writ ref'd); *Lyon v. Files*, 50 Tex.Civ.App. 630, 110 S.W. 999, 1001 (1908, no writ). It is not likely that the justices of the Texas Supreme Court a century ago contemplated the dramatic shift to service-oriented paper shuffling that marks so much of modern-day callings.

*McDonald v. Campbell,* 57 Tex. 614, 617 (1882); *see Ford v. Aetna Insurance Co.,* 424 S.W.2d 612, 616 (Tex.1968) (lots used "in connection with" or "in aid of" the business are not exempt).

These parcels are used to store records and pipe inventory, to house the debtor's son (who works for the debtor as a field superintendent), and to park service vehicles. While all of these uses are no doubt beneficial, they are not *essential and necessary.* In fact, these lots are reminiscent of the lots in *Mays v. Mays,* in which a debtor who rented out buildings as tenements as his business was foreclosed from claiming the tenements as business homestead, even though they were clearly the means by which his income was generated. *Mays v. Mays,* 43 S.W.2d 148, 152 (Tex.Civ. App.—Beaumont 1931, writ ref'd).[3]

The storage of records at 1305 W. Ohio may indeed be useful but is hardly essential to the debtor's business. The records kept there are ten years and older. Most are copies of filing with the Railroad Commission and old leases, all of which are available elsewhere. Even log reports for almost all formations in the Permian Basin can be obtained from specialized libraries in Midland just blocks from the location of these houses. The lot at 1305 W. Ohio is not exempt.

The pipe yard parcel is actually a portion of a larger pipe yard, the balance of which was lost in litigation with a creditor prior to bankruptcy. The U.S. District Court for this district determined that the pipe yard did *not* qualify as business homestead and denied the exemption. Petitioner's Exhibit 2. This court sees no reason to reach any different conclusion for a portion of that yard used in precisely the same fashion.[4] In any event, the yard falls within the rule of law set out in *McDonald v. Campbell, supra,* as it is not where the debtor exercises his calling. Instead, it is used "in connection with" or "in aid of" his business, for storage.

The house used as lodging for the field superintendent also fails to qualify, for a number of important reasons. First, the evidence failed to show that such a use is in fact necessary or essential to Walter Krug's operation. At one time, apparently, it was *de riqueur* that the operator of oil and gas properties furnish the field superintendent a place to live. Times have changed in the oil patch, however. With jobs in short supply, such perks are no longer needed as an inducement. Second, the evidence indicates that this house is not being furnished as part of the employee's compensation, as it is not reported on anyone's income tax returns. Finally, and per-

---

**3.** That court also expressed some doubt that the business in question was within the contemplation of the Texas Constitution:

> [W]e doubt if the building and renting of tenant houses for the purpose of revenue for the support of the family can be said to be a calling or business, such as is contemplated in the Constitution. It seems clear to us that the renting of tenant houses is not the pursuit of a calling within the intent and meaning of the Constitution, nor do we believe that the building and renting of tenant houses for the purpose of deriving revenue with which to support the family is such a business as the Constitution contemplates in exempting a place for the calling or business.

*Id.* at 152.

**4.** The debtor argues that this court is bound by principles of collateral estoppel to follow the District Court's decision to hold that *all* of the subject properties are exempt. The debtor points out that a supplemental order was entered in that case upon his motion for entry of additional findings and conclusions to memorialize a concession made by the defendant, the

Federal Deposit Insurance Corporation ("FDIC"), which "had conceded the homestead issue regarding the office building, and additional property in Midland, Texas previously covered by the Deeds of Trust ..." Petitioner's Exhibit 3. That order does not operate as collateral estoppel, however, because the issue it memorialized was not actually litigated. Instead, it was stipulated. Furthermore, the resolution of the issue was not a critical and necessary part of the earlier judgment. The order was entered *after* the entry of the judgment, solely to preserve the concessions made by the FDIC. It added nothing essential to the efficacy of the judgment. Finally, the parties here objecting were not in privity with the defendant in that case, the FDIC. *United States v. MONKEY, a vessel,* 725 F.2d 1007, 1010 (5th Cir.1984); *Grip-Pak, Inc. v. Illinois Tool Works, Inc.,* 694 F.2d 466, 469 (7th Cir.1982), *cert. denied,* 461 U.S. 958, 103 S.Ct. 2430, 77 L.Ed.2d 1317 (1983); *See Rion v. Eller (In re Eller),* reported in 2 Tex.Bankr.Ct.Rptr. 436 (1988).

haps most telling, the field superintendent in this case is the debtor's son. This is a family business, one in which the son will work with or without the need for inducement or special compensation. The property is not necessary or essential for keeping the son involved in the family business. For all of these reasons, the property at 1311 W. Ohio fails to qualify as business homestead.

In view of the concession of the objecting parties at trial, the debtor's exemption claim to 1310 W. Illinois is sustained. The claim to 1305 W. Ohio, 1311 W. Ohio, and the 2000 square feet of property designated by the debtor as his pipe yard is denied and the objections thereto sustained.

So ORDERED.