## C. P. ALEXANDER v. J. A. LOVITT ET AL.

No. 1130. Decided June 26, 1902.

**1.—Business Homestead—Abandonment.**

The proprietor of a lumber business sold his stock and leased his premises to the purchasers for three years, during which, or five years if they kept the premises so long, he agreed not to re-engage in the business; but he kept a safe, with some books and papers, occasionally consulted, in the office, by consent of the lessees, being engaged, meanwhile, in winding up his former business and traveling as salesman on commission for wholesale lumber dealers. Held, that he had abandoned the property as his business homestead. (Pp. 662-664.)

**2.—Same—Intention.**

The mere intention to resume the business in the future could not continue the exemption of a former business homestead, no longer used as such, and definitely abandoned as a place of business by agreement not to resume it during three or more years. (Pp. 663, 664.)

**3.—Same—Cases Distinguished.**

This case distinguished, as an abandonment of the business homestead,. from that of mere suspension of business for a reasonable time, in order to, change to another or arrange for a resumption of the first, as in Bowman v.. Watson, 66 Texas, 295; Gassaway v. White, 70 Texas, 475; Hargadine v. Whit-field, 71 Texas, 482; Malone v. Kornrumpf, 84 Texas, 454.

Error to the Court of Civil Appeals for the Third District, upon writ of error from Bell County.

Alexander obtained writ of error upon the affirmance of a judgment. for defendants in his suit against Lovitt and others.

*A. J. Harris,* for plaintiff in error.—The verdict of the jury is contrary to and is not supported by the evidence, the evidence showing that Lovitt sold out his business, quit business, leased out his former place of business by a leasing that was not temporary, that he engaged in other business elsewhere on a remunerative salary, and the property in controversy ceased to be exempt.    Shryock v. Latimer, 57 Texas, 676;. Wynne v. Hudson, 66 Texas, 1; Hargadene v. Whitfield, 71 Texas, 489;. Pfeiffer v. McNatt, 74 Texas, 640.

*Geo. W. Tyler,* for defendant in error.—The selling out of his lumber business and the leasing of the lot on which said busines had been carried on did not prima facie operate as an abandonment of Lovitt's homestead right in said lot, and the charge to that effect requested by plaintiff is upon the weight of the evidence and in violation of the constitutional and statutory right of Lovitt to temporarily lease the lot without losing his homestead rights therein.    Const., art. 16, sec. 51; Rev. Stats. (1895),. art. 2396; Malone v. Kornrumpf, 84 Texas, 460; Harbison v. Tennison,. 38 S. W. Rep., 232.

WILLIAMS, Associate Justice.—Plaintiff in error, on the 28th. day of February, 1898, caused a writ of attachment against defendant in. error to be levied on a house and lot in Temple.    Defendant in error,. in the litigation that followed, sought to have the property freed from the attachment on the ground that on the date of the levy it was his. business homestead.    The facts developed, so far as it is necessary to state them, are, that Lovitt, prior to the early part of 1897, had been a retail lumber dealer, using the property in question as his place of business. At that time, because of some losses he had sustained, he sold out the business to Caruthers & Campbell, conveying to them his stock and good will.    At the same time he leased to them the entire premises, including all his office fixtures, for the term of three years, or, at their option, for five years.    By the contract he agreed that for the term of three years, or for five years in case the lessees should keep the property for the latter period, he would not engage in the sale of lumber and other specified articles or material commonly bought and sold by lumber dealers; re-

serving, however, the right to sell such lumber and material to lumber
dealers at wholesale only, but agreeing not to keep any of such material
for sale or trade in Temple, except in accordance with the exception.

He retained a safe which he had used in his business, but removed
it to and kept it in an office belonging to other persons, for about three
months. All of the property sold and leased was delivered to Caruthers
& Campbell. Lovitt then commenced to wind up his business affairs by
collecting debts due him, taking notes, etc., and paying claims against
him. He kept his books of accounts, policies of insurance and papers in
the safe, which, after about three months, by permission of the lessees,
he again placed in the room which had constituted his office, stating
to them that the place was his business homestead, and that he wanted
to keep the safe there "to strengthen his business homestead." He kept
in his pocket a small book containing a list of his debtors, with the
amounts owed by each, and transacted the business stated principally on
the streets, but went from time to time to the safe to get or deposit a
paper, or consult his books. He had no control over any part of the
building, and no key to it, but entered, when he did so, by permission of
the lessees. This was the situation when the levy was made.

Within a few months after the levy, Lovitt entered the service of a
lumber dealer at Beaumont, as traveling agent, which lasted until De-
cember, 1898, when he took charge of a lumber yard at Yoakum. He
remained there until March, 1900, since which time he has sold lumber
on commission for different persons, partly in Temple and partly else-
where. At the end of the three years lease, the lessees surrendered the
property to Lovitt, and he has kept his papers and conducted his corre-
spondence in the office.

In his testimony, Lovitt does not claim that between the time of the
sale and lease to Caruthers & Campbell and the levy, he was carrying
on any business upon the property in controversy. The claim made
by him and sustained in the District Court and Court of Civil Appeals
is that the exemption was saved by his intention, existing continuously
from the time of the sale and lease to the present, to resume his business
as lumber dealer on the property, when he should be able to do so, and
after the expiration of the lease.

The case of Houston v. Newsome, 82 Texas, 77, 78, 80, is authority for
the proposition that the keeping of the safe in the building, and the
other facts stated in connection with it did not themselves make the
property the place of business.

In view of the definite suspension of the business in which Lovitt
had been engaged, and the execution of a contract which made it impos-
sible for him to resume it upon these premises within any reasonable
time, his intention to resume at some indefinite time in the future can
not be held to continue the exemption.

There was a definite cessation both of the business and of the use of
the property, by a transaction which put it out of Lovitt's power to re-
sume for three years at least, and in the power of the lessees to prevent

such resumption for five years. The mere intention to again engage in the business could not supply the place of an existing business, and the use of the property in its exercise, both of which were essential to the exemption. Shryock v. Latimer, 57 Texas, 674; Pfeiffer v. McNatt, 74 Texas, 640; Wynne v. Hudson, 66 Texas, 1; Harle v. Richards, 78 Texas, 80; Duncan v. Alexander, 83 Texas, 445.

This was not merely such a suspension of the business and of the use of the property for a reasonable time, in order to change from one business to another or arrange for a resumption, as this court has held is consistent with the continuance of the exemption where the intention to resume exists. Bowman v. Watson, 66 Texas, 295; Gassoway v. White, 70 Texas, 475; Hargadene v. Whitfield, 71 Texas, 482; Malone v. Kornrumpf, 84 Texas, 454.

Nor was the renting merely temporary, in the sense of the Constitution. It and the sale completely displaced the existing business and use of the house, and precluded a resumption within reasonable time.

The decision in the case of Shryock v. Latimer has never been overruled, nor the principles there stated modified, and it controls this case.

The facts, taken at their strongest in favor of the defendant in error, conclusively defeat the exemption claimed. The judgment will therefore be reversed and judgment will be here rendered for plaintiff in error.

*Reversed and rendered.*