## MAYFIELD et ux. v. FIRST STATE BANK OF HOLLAND et al. (No. 7377.)

Court of Civil Appeals of Texas. Austin. July 1, 1929.

Spell, Naman & Penland, of Waco, and Clem C. Countess, of Belton, for appellants.

A. L. Curtis, of Belton, for appellees.

McCLENDON, C. J.   J. H. Mayfield and wife sued the First State Bank of Holland and others seeking to cancel a deed and certain trust deeds and assignments covering a gin they conveyed to a corporation they formed, on the ground, in the main, of fraud upon their homestead rights.   Judgment was for defendants upon a directed verdict, and plaintiffs have appealed.

The only question involved is whether the evidence, viewed most strongly in favor of plaintiffs. will support a judgment in their favor.   J. H. Mayfield was the only witness in the trial court, and his testimony and certain documentary evidence constitute the entire statement of facts, which shows:  J. H. Mayfield owned a gin at Holland, Tex., which constituted his business homestead. He acquired the property in 1908, partly on credit.   In 1922 there was an unpaid balance, including interest, of $2,700 of the purchase money, and this was then renewed by note payable in January, 1926.  In April, 1923, he owed the bank, its president, Reed, and a lumber company, about $5,000, which he was unable to pay.   Reed asked that he deed the gin property to the bank in settlement of his debts, which he declined to do.   The bank's cashier then suggested that he buy improved machinery and thereby increase his business stating that the bank would furnish the money, about $4,000.   He ordered the machinery, but when it arrived the bank would not take up the bills of lading, and the machinery was held by the carrier about three weeks, when an arrangement was made with the bank under which the money was advanced, and a corporation was formed that took over the gin property and assumed Mayfield's indebtedness.   The details of the arrangement were carried out by the bank's attorney in the following manner:  A corporation with $10,000 capital stock was chartered April 10, 1923, upon an affidavit of Mayfield that the stock had been subscribed and paid for, $9,600 by himself, $100 by his wife, and $100 each by his three children.   No money was paid to the corporation, but Mayfield and wife, by deed dated April 20, 1923, conveyed the gin property to the corporation for a recited consideration of $10,000, cash.   On the same day Mayfield, as president of the corporation, executed two notes, $2,500 each, in favor of the bank and a note in favor of Reed for $4,-500 (which included the $2,700 unpaid purchase money) ; and Mayfield as president and his wife as secretary of the corporation executed two deeds of trust on the gin property to secure these notes.   The gin business was then conducted under the corporate name by Mayfield, and other indebtedness incur-

red, until some time in 1924, when a receivership was instituted by one of his creditors and the property taken over by a receiver. In order to save the expense of a receivership administration, the corporation, by Mayfield as president and his wife as secretary, on July 9, 1924, executed a general assignment, and the property was delivered to the assignees. On the same day Mayfield made affidavit of the corporate indebtedness as follows:

| | |
|---|---:|
| To Reed, secured by trust deed | $ 4,500 00 |
| To the bank, secured by trust deed | 5,000 00 |
| To the bank, unsecured | 2,700 00 |
| To Lumbermen's Cotton Gin Sales Co. (secured by chattel mortgage) | 666 66 |
| To Anderson, Clayton & Co. | 165 00 |
| To Wm. Cameron & Co. | 496 00 |
| To Bert Ezell plus labor account | 28 00 |
| To A. L. Curtis, attorney's fees | 50 00 |
| To state of Texas as franchise tax | |
| To (possibly) United States government a small balance on income tax | |
| To Texas Mfg. Co. on judgment, besides costs | 60 80 |
| To Merchant's Cotton Oil Co., damages | 600 00 |
| To Major Jones (wages) | 375 00 |
| To Lumbermen's Cotton Gin Sales Co. 3 notes secured by chattel mortgage and in suit at Dallas | 2,000 00 |
| | $16,641 46 |

On July 20, 1925, the corporation, in like manner as above, executed another general assignment. The assignees have held the property under these instruments since the date of the first assignment. This suit was brought May 23, 1927.

■ The record does not present any issue of fraud. Mayfield fully understood that the property was his business homestead and could not be taken for his debts, and that he could not create a valid lien upon it to secure his creditors as long as it remained his homestead. No false statement nor misrepresentation of any character was made to him, or, so far as the record shows, to his wife, who did not testify. The conveyance to the corporation was not shown to be other than bona fide and covered the subscriptions to the capital stock, with no condition of defeasance, either expressed or implied. The only ground upon which it is claimed that the transaction was void, is that the property was the business homestead of Mayfield and wife, and their purpose in incorporating was to raise money to secure the indebtedness and conduct the business of the gin enterprise. This the parties had a right to do. We know of no inhibition against incorporating a business and conveying to the corporation the property on which the business is conducted, even if it constitutes a business homestead and the purpose is to obtain credit by making the business homestead an asset of the corporation.

■ The fact that the capital stock was not paid for in cash, as stated in the affidavit filed with the secretary of state, but by conveyance of property to the corporation, was an irregularity that could only be raised by the state, or by some creditor who could show himself aggrieved. It could not be taken advantage of by the incorporators who were parties to it.

■ There is another ground which we think precludes recovery by plaintiffs. After the business of the corporation had been conducted for over a year, debts incurred, judgments recovered, and a receiver appointed, plaintiffs, in the name of the corporation, voluntarily executed a general assignment, and the property was taken over by the assignees and held by them for a year, when another assignment was voluntarily executed by plaintiffs, and the assignees continued to hold the property about two years longer before any action was taken by plaintiffs questioning the validity of the transaction in any particular. These facts we think clearly established an abandonment of any homestead rights by the plaintiffs prior to the time the second assignment was made. Shryock v. Latimer, 57 Tex. 674; Alexander v. Lovitt, 95 Tex. 661, 69 S. W. 68.

The trial court's judgment is affirmed.

Affirmed.