### CITY OF AMARILLO v. LODEN et al.
### (No. 3330.)

Court of Civil Appeals of Texas. Amarillo. Dec. 11, 1929.

Rehearing Denied Jan. 8, 1930.

Fletcher & Bishop, of Amarillo, for appellant.

Turner, Culton & Gibson and W. T. Brothers, all of Amarillo, for appellees.

RANDOLPH, J. The city of Amarillo, as plaintiff, brought this suit for the use and benefit of Willmering & Mullen against L. G. Loden, to recover judgment for certain pavement work done by them and to foreclose a pavement lien for the pavement of West Sixth street in front of lot 10 in block 65, in the Glidden & Sanborn addition to the city of Amarillo. Later Willmering & Mullen filed their plea of intervention, adopting the allegations of plaintiff's petition. L. G. Loden filed his answer, which is not necessary to set out to any great extent. The plaintiff's original petition was filed October 24, 1923.

At the time of the proceedings in which the paving was initiated, L. G. Loden was a married man with children. Mrs. Nancy Loden died on March 31, 1920. In the fall of 1920, L. G. Loden married Laura Loden, his second wife, and it is alleged that said lot was the homestead of L. G. Loden and his first wife,

that they were living on said lot 10 when the paving proceedings were instituted and continued to reside on said lot until the death of Nancy Loden, and that L. G. Loden continued to reside on same during the period between the death of his first wife and his second marriage and continued to reside on same with his second wife until his death May 18, 1927.

Thereafter the plaintiff filed its amended pleading, in substance the same as the original pleading, except that the death of L. G. Loden was alleged, and, further, that he left a will in which he appointed Mrs. Laura Loden as his executor, and prayed that she be substituted as defendant in place of L. G. Loden. Thereafter the children of L. G. Loden and Nancy Loden, his first wife, filed their plea of intervention, asserting that the property in controversy was the community property of L. G. Loden and Nancy Loden and was the homestead of said L. G. Loden and Nancy Loden, and also that they were (said children) the owners by inheritance of their mother's undivided interest in said lot, and that they had never been made parties to this suit, and further as to them the plaintiff's cause of action was barred by limitation.

It appears from the record that there was a partition suit between Laura Loden and her minor son, Guy M. Loden, on the one side, and the children of Nancy and L. G. Loden on the other side, and the judgment in said partition suit awarded to Laura Loden et al. the east one-half of said lot and awarded to the children of L. G. Loden and Nancy Loden the west one-half thereof. This judgment was rendered on the 29th day of August, 1927.

It further appears from the record that L. G. Loden and his first wife resided in a house on the west end of lot No. 10, and that he built a little storehouse in January, 1919, upon said west end, and later moved his family into the house on the east end and rented the storehouse from June or July, 1919, until his death, to various tenants, with the exception, possibly, of one year in which he operated a business in said storehouse himself. The evidence does not show definitely when Loden moved to the house on the alley, on the east end of said lot. There is no satisfactory proof that the first Mrs. Loden and L. G. Loden and their children did not, during this time, live in a house on the west end of the lot; that is, the time during the period when the paving was initiated and completed, but the jury finds that they were using and occupying it as their homestead. It is true that the plaintiff alleges an abandonment of the west 70 feet of lot 10 as a homestead, but there is no testimony showing this to be true. If the property or any part of it was rented and thereby abandoned, it rested on the plaintiff to show the extent of such abandonment. There is no proof showing the size of the building which was rented,

no proof of a fence or other means of segregating it from the balance of the lot, and nothing in the record to enable the trial court to fix any arbitrary line by which the property comprising the homestead could be separated from the rented property. Hence, in the absence of such proof, the trial court could not have decreed that any part of said lot was subject to the plaintiff's lien by reason of such abandonment by renting. The jury makes a general finding that a portion of the lot was rented, but such verdict gives no data by which to identify the said portion.

It will also be observed from the record, as stated, that the plaintiff's original petition was filed in the trial court on the 24th of October, 1923, and that the only party named therein as defendant was L. G. Loden. It further appears that the first amended original petition was filed in said court on November 29, 1928, and that in said amended petition only Mrs. Laura Loden, executrix, was sued; the children of Nancy Loden, the interveners, never having been sued by the plaintiff and never having appeared in this suit until they filed their plea of intervention on March 1, 1929. It is also apparent from the record that said children, interveners, inherited an undivided one-half interest in the whole of lot 10, and that, by the partition judgment above referred to, they became the owners of the west one-half of said lot. It is therefore apparent that the plaintiff has failed to assert any claim or lien against them, the children, for the space of six years, and said cause of action is barred by article 5529, R. C. S. of Texas 1925, which provides: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

The suit against Mrs. Laura Loden could not and did not involve the children of Nancy Loden. Mrs. Laura Loden was the executrix of the will of L. G. Loden, which will only disposed of L. G. Loden's property and did not and could not dispose of the property belonging to the estate of Nancy Loden, his first wife.

It was not required that the plaintiff have notice of the claim of the children, interveners, of Nancy Loden. That claim was not susceptible of registration, being an estate by inheritance. Brown Hdwe. Co. v. Marwitz, 10 Tex. Civ. App. 458, 32 S. W. 78.

The rule is laid down that, if upon any theory of law the judgment of the trial court can be sustained, it is our duty to affirm that judgment. Vassar v. City of Liberty, 50 Tex. Civ. App. 111, 110 S. W. 119.

For the reasons stated above, we affirm the judgment of the trial court without discussing other assigned errors.

Judgment affirmed.

JACKSON, J., not sitting.