**NOWLIN et ux. v. WM. CAMERON & Co., Inc. et al.**

No. 12695.

Court of Civil Appeals of Texas. Fort Worth. Oct. 1, 1932.

Rehearing Denied Oct. 29, 1932.

Wm. F. Young, of Fort Worth, for appellants.

Slay & Simon, Lassiter, Harrison & Pearson, Charles Kassel, and H. J. Zimmerman, all of Fort Worth, for appellees.

LATTIMORE, J.

H. B. Nowlin in 1913 owned lot 12, block 33, Tureman's subdivision of Jennings south addition to the city of Fort Worth, and in that year erected a two-story brick building on it; the first floor being used as a drug store and the second floor being several living apartments. Appellant was a druggist by profession, and occupied the ground floor, under the name of Nowlin's Pharmacy, as a business homestead. In 1926 appellant built another building on the back of said lot 12, and also acquired lot 13 and built on it an apartment house, and executed a mechanic's lien covering both lots to obtain the erection of such improvements last named, the balance on which in 1927 was $13,000.

In this situation, in November, 1927, appellant, needing additional money, consulted his attorney as to what of his assets were available as security, and was advised that lot 12 was his business homestead, and a mortgage of it for such purpose was forbidden by the Constitution of Texas, but that he could organize a bona fide corporation to own and operate the drug business with himself (Nowlin) as manager, and thereby strip himself of any business homestead, but particularly cautioned appellant that the entire transfer must be a bona fide transaction.

Accordingly, on November 16, 1927, the Nowlin Drug Company was chartered by the state of Texas on application of appellant and others. Mr. Nowlin and his wife transferred their entire drug stock and fixtures to the corporation, placed the name of the corporation on one of the windows of the store, and received the corporate stock therefor. Mrs. Nowlin testified that she understood the entire transaction and its effect. Appellant's stock was thereafter pledged to a bank to se-

cure a note and now remains so. Nowlin conducted the business in the drug store, and also received at that place the rents from his various tenants.

On December 13, 1927, appellant made application to the State Reserve Life Insurance Company for a loan of $18,000, $13,000 of which was to take up the old loan. The application answered numerous questions, among which the following:

"Q. Is any part of this property now or was it ever your residence or business homestead? No.

"If so, explain fully. Homestead elsewhere. Business (drug) Incorporated.

"My business homestead is—have none (drug business incorporated)."

And again:

"Q. Material, age and condition? * * * Corner store occupied by owner as drug store, other store occupied by tenant."

Nowlin testified that the entire proceeding was in good faith, and that thereafter he believed and claimed through the entire making of the insurance company loan, which was consummated on December 12, 1927, that the drug business belonged to the corporation. The note of the insurance company was purchased by Ed H. Lysaght.

This is a suit by Wm. Cameron & Co. and others to foreclose a mechanic's lien on both lots hereinafter described, in which suit numerous lien claimants were made parties. The defendant Nowlin pleaded that the property was his business homestead at the time the loan was made by the State Reserve Life Insurance Company, and that, to the extent that the mortgage secured money not for purchase money or improvements, same was invalid.

We believe the evidence does not raise any question that the corporation was merely a cloak for fraud. All the testimony is that it was bona fide and that appellant intended and believed that the corporation owned the business. Moreover, if it were otherwise, the courts would be asked to tear aside "the veil of corporate entity" for the benefit of the perpetrator of that fraud, an extent to which the latter doctrine has not yet within our knowledge been extended. A separate legal person therefore owned the drug business after November 16, 1927, and appellant worked for it.

A business homestead depends inter alia on the husband using the same as a place to exercise the calling or business of the head of the family. Const. art. 16, § 51. That Mr. Nowlin continued to be physically present in the store conducting the business of another (the corporation) is not of itself a compliance with the above. Nowlin's business was that of a druggist. He ceased doing that business for himself. That he collected rents on the premises begs the question. Alexander v. Lovitt, 95 Tex. 661, 69 S. W. 68; Sanger v. Hicks, 22 Tex. Civ. App. 473, 56 S. W. 775, writ denied.

Dr. Hickman, a member of the board of the insurance company, knew of the incorporation of the business immediately before the loan was made, and the contradiction of the answers to the application, as above stated, were apparent. But it is plain that any investigation, whether in fact made or not, would have disclosed that Mr. Nowlin was in good faith and the corporation was bona fide. Appellant says so without equivocation.

The excellent brief of appellant cites a number of cases where the transaction attempting to strip the property of its homestead character was only colorable. Medlenka v. Downing, 59 Tex. 32; Bayless v. Guthrie (Tex. Com. App.) 235 S. W. 843; Ainsworth v. Dorsey (Tex. Civ. App.) 191 S. W. 594. But we believe that the learned trial judge correctly decided that the undisputed testimony in this case shows that the transfer was not merely colorable.

Counsel for appellant argues those cases where the husband has made an untrue declaration of abandonment, or designation, listing of which beyond the clarion language of Texas L. & L. Co. v. Blalock, 76 Tex. 85, 13 S. W. 12, is unnecessary, and says that this holding will open the way for embarrassed homestead owners to use the homestead to raise funds in defiance of the Constitution. Be that as it may, the courts have not yet gone to the extreme of making a family keep a homestead when they wish to dispose of it, and that it is sold to a corporation does not change the situation. Appellant and his wife made no untrue designation or declarations of abandonment, but say from the beginning and on trial that each of the statements made and acts done were true and intended to have the legal effect they did have.

The remainder of this discussion may be avoided by reference to Mayfield v. First State Bank (Tex. Civ. App.) 19 S.W.(2d) 454, the opinion of which, under syllabus 1, we approve.

We have examined each of the assignments of error, and they are overruled. The judgment is affirmed.