## KEENAN v. BURGESS.

### No. 5826.

Court of Civil Appeals of Texas. Amarillo.

Dec. 1, 1947.

Tom G. Davis and Warren D. Pruitt, both of Vernon, for appellant.

Killough & Owens, of Vernon, for appellee.

STOKES, Justice.

This action was instituted by the appellee, J. B. Burgess, in the form of a statutory action in trespass to try title, against the appellant, W. A. Keenan. The property involved is a life estate in 50 feet by 240 feet of land and the residence and other buildings thereon, located in the City of Vernon. The record shows the property was the separate property of Lizzie Burgess, the deceased wife of the appellee, J. B. Burgess, and mother of the appellant, W. A. Keenan. Mrs. Burgess died December 12, 1944, and left surviving her the husband, seven adult sons and daughters by a former marriage, and one daughter, Helen, the issue of her marriage with the appellee. Appellant filed a plea in abatement upon the ground that the other children were not made parties to the suit. All of them thereupon appeared and filed pleas of not guilty, except Helen who disclaimed. The case was submitted to the court without the intervention of a jury and resulted in a judgment in favor of the appellee to which the appellant, W. A. Keenan, duly excepted and from which he has perfected an appeal to this court.

Appellant assails the judgment and assigns error of the court in finding in favor of appellee because, first, under the evidence in the case, appellee was not entitled to possession of the premises to the exclusion of the other defendants, secondly, the appellee was estopped to claim the property as his homestead and, thirdly, that he had abandoned the same as a homestead.

The record reveals that the property here involved, together with another residence and premises located in the City of Vernon, and a farm in Wilbarger County, belonged to Mrs. Burgess in her separate right at the time of her death; that she and the appellee and at least one of the children were occupying the premises here involved as their homestead and had so occupied it for a number of years. Shortly after her death, the appellee and all of the children held a meeting at which it was decided that the farm and the other residence located in the city would be sold and the proceeds divided equally between all of them, including the appellee. Soon thereafter the farm and the other residence were sold and the proceeds divided according to the agreement. After the sale of the farm and residence, the appellant, W. A. Keenan, and his wife moved into the homestead under the claim that Keenan, being a tenant in common with appellee, had the right to occupy it and that his rights in that respect were equal to those of the appellee. Appellee's purpose in filing the suit, therefore,

was to regain possession of the premises under his constitutional and statutory right to occupy it as a homestead during the remainder of his life.

 Appellant contends that, according to the evidence, the homestead was included in the property agreed to be sold at the meeting held by all of the interested parties and that appellee, having received from the proceeds of the sale of the farm and the other residence more than the value of his life estate in one-third thereof, he is now estopped from claiming and asserting the right to possession and occupancy of the homestead property during the remainder of his life. The court found that appellee did not agree with all of the other parties interested in the property to sell the homestead. Appellee and his daughter, Helen, testified positively that the agreement was to sell the other property but that the homestead was not included. This testimony furnished ample support for the judgment entered by the court decreeing the possession and occupancy to the appellee. Even if the agreement had included the homestead, however, we fail to find the elements of estoppel against the appellee to claim it as his homestead. The evidence failed to show he received from the proceeds of the sale of the other property more than his life estate was worth. Moreover, the suit is not one for specific performance of a contract. Appellant is not seeking to force appellee to comply with the alleged contract or agreement entered into at the meeting and sell the homestead according to its terms. The proceeding is an action in trespass to try title, to which all of the owners of the property involved were parties and in which the defendants filed only pleas of not guilty. No complaint of the appellee's refusal to comply with the terms of any sales contract was made and the record shows the homestead has not been sold. It still belongs to the parties in common, the same as it did before the alleged agreement was entered into. The nature of the interests in it was in no sense changed by the refusal of appellee to comply with an alleged agreement to sell it and, in our opinion, the court did not err in refusing to hold that appellee was estopped from claiming the property as his homestead.

On the question of abandonment, the record shows that in May, 1946, after the farm and the other town property had been sold, appellee and his daughter, Helen, purchased a farm in Hardeman County upon which three residences were located. Shortly thereafter Helen married and they partitioned the Hardeman County farm, the north half being set apart to Helen and the south half to the appellee. All of the residences were located upon the north half and became Helen's property. The portion set apart to appellee was without improvements except fences. In order to cultivate his Hardeman County farm, appellee moved some of the furniture in the homestead at Vernon to the house located on Helen's half of the Hardeman County farm in which Helen and her husband were living and spent the larger portion of his time there, living with them, during the portion of the year when it was necessary for him to cultivate his crops. On February 28, 1947, he entered into a rental contract with one Jimmy Davis under which he rented to Davis the homestead property here involved from month to month at a rental of $45 per month, retaining one room for himself, but, for some reason not made clear by the testimony, Davis failed to occupy the premises and appellant, Keenan, shortly thereafter moved into it. Appellant contends that these circumstances showed an abandonment of the homestead by appellee.

 Our courts have many times held that, to constitute an abandonment of a homestead, it must affirmatively appear that there is not only a removal from the homestead by those who claim it as such but the removal must be coupled with the fixed intention never to return to it or again use it as such. Armstrong v. Neville, Tex.Civ. App., 117 S.W. 1010; Wharton v. Mortgage Bond Co. of New York, Tex.Civ.App., 48 S.W.2d 519. Appellee testified positively that he never at any time intended to abandon the premises as his homestead. He said that at all times it was his intention to retain it as such and that he had no other house in which to live. He said there was no residence on his portion of the Hardeman County farm and that he moved a portion of his furniture up there merely as a temporary expediency and for

use while he was cultivating his farm. He and a number of other witnesses testified that he left a portion of his furniture and wearing apparel in the house at Vernon. The court found that appellee had not abandoned the property here involved as his homestead and the finding has ample support in the testimony. Appellant's assignment of error that the court erred in holding that the property had not been abandoned will therefore be overruled.

Appellant contends that his right to occupy the premises was equal to that of appellee and that the court erred in holding otherwise. While appellant and his brothers and sisters were tenants in common and each, therefore, had property interests therein, their interest pertained to the title of remaindermen and appellee's interest consisted of his constitutional and statutory right to occupy the premises as a homestead as long as he lived or as long as he desired to do so. Appellee had the full right of possession of the premises under Section 52, Article 16 of the Constitution, Vernon's Ann.St., and Article 3501, Revised Civil Statutes, 1925. As long as his home-

stead rights exist, none of the children of his deceased wife can perfect a homestead right therein and none of them has any legal right to interfere with his possession. Rettig v. Houston West End Realty Co., Tex.Com.App., 254 S.W. 765; Massillon Engine & Thresher Co. v. Barrow, Tex. Com.App., 231 S.W. 368.

Appellant presents another contention that the court erred in failing to specify in the judgment the nature of appellee's interest in the property which entitled him to the exclusive possession. As we have shown, under the facts as revealed by the record the appellee was entitled to hold the premises and occupy it as a homestead as long as he lived or so long as he desired to do so. These rights are clearly extended to him by the articles and sections of the constitution and statutes we have cited and it was, therefore, not necessary for the court to specify them in the judgment.

We have carefully examined all of the assignments of error and contentions urged by the appellant and, in our opinion, no error is revealed. The judgment of the court below will therefore be affirmed.