# LONG BELL LUMBER CO. v. MILLER.
## No. 6150.

Court of Civil Appeals of Texas. Amarillo.
April 30, 1951.

Rehearing Denied June 4, 1951.

See, also, 148 Tex. 160, 222 S.W.2d 244.

Harry Bunnenberg and Leon B. Douglas, Vernon, for appellant.

Poteet & Pruitt, Vernon, for appellee.

MARTIN, Justice.

Appellant, The Long Bell Lumber Company, recovered a judgment against appellee, Edwin R. Miller, for the sum of $12,-115.48. An abstract of this judgment was filed in Wilbarger County, Texas. Appellee brought suit to cancel the abstract of judgment lien and to remove the cloud thereby cast upon appellee's title to the North 10 feet of Lot 5 and all of Lots 6, 7 and 8, in Block 38 of the Original Town of Vernon, Wilbarger County, Texas.

The evidence discloses that appellee was conducting a business on said lots other than a portion rented to one Richard G. Coffey, and that appellee had formed a corporation known as Miller Construction Company shortly after the above judgment was taken, and that this corporation, as well as another known as Lymm Corporation, were operating out of the building on said lots. The testimony shows that the appellee formed Miller Construction Company, a corporation, with an intent to forestall any interference by appellant with appellee's business and contracts. The corporate stock was owned by members of appellee's family. Although the name of the corporation was placed on the business building, the evidence discloses that appellee continued to operate his business individually in the buildings on the lots in question. Appellee did not transfer the lots or any of his tools and equipment to the corporation nor did he transfer any of his business contracts to the corporation.

Upon appellee's filing suit to remove cloud and cancel the abstract of judgment lien, appellant sought by cross petition the foreclosure of such lien. Appellee asserted that the property in question was his business homestead and had been for a number of years; that the renting of a portion thereof was only temporary and for the purpose of paying for improvements as made on the lots. The trial court refused appellant's petition for foreclosure and entered judgment removing the cloud on the title to the lots.

Two points of error are asserted on appeal. Appellant first alleges that the homestead exemption was lost to appellee by the creation of the corporation, Miller Construction Company, whereby the property in issue became the principal place of business of the corporation as formed with the fraudulent design of defeating appellant's judgment. The appellant further alleges that the homestead exemption was lost by a lease of the premises for a term of three years with an option for an additional three years extension.

A careful search of appellant's brief does not disclose any assertion of the specific term "abandonment of the business homestead" as a basis for the attachment of its judgment lien, but appellant contends principally that the exemption was lost by appellee's fraudulent creation of the corporation to defeat the judgment lien. Appellant in support of this position relies upon two cases: Nowlin et ux. v. Wm. Cameron & Co., Inc., Tex.Civ.App., 54 S.W.2d 1035, and Mayfield, et ux. v. First State Bank of Holland, Tex.Civ.App., 19 S.W.2d 454, which last case is approved by the Nowlin case.

Appellant stresses that the Nowlin case, supra, is based on the proposition that the homestead exemption was lost by fraud of Nowlin in creating the corporation and transferring all his stock and business to the corporation for which he acted as manager and that such cause is decisive here under the facts. A decisive reply to any argument that the homestead exemption may be lost by fraudulent acts done with intent to defeat a creditor is found in the following decisions. Posey v. Commercial Nat. Bank, Tex.Com.App., 55 S.W.2d 515, 517, holds: "The only way, after a property has been designated as a homestead, for it to lose its homestead character, is by death, abandonment, or alienation. All are questions of fact, and so in this case the abandonment * * * must be ascertained from the testimony".

Sakowitz Bros. v. McCord, Tex.Civ. App. 162 S.W.2d 437. We find in Cocke v. Conquest, 120 Tex. 43, 35 S.W.2d 673, page 678, this statement by the Supreme Court of Texas: "This exemption from forced sale of a homestead is founded upon public policy, and must be upheld and enforced, as it should be, and has been scarcely without an exception by the courts of this state, notwithstanding the fact that in doing so they sometimes directly assist a dishonest debtor in wrongfully defeating his creditor."

Archenhold v. B. C. Evans Co., 11 Tex. Civ.App. 138, 32 S.W. 795; King v. Harter, 70 Tex. 579, 8 S.W. 308.

It will surely be conceded in this cause that the homestead exemption was not lost by alienation or by death, so we have only the proposition of whether or not the home-

stead was lost by abandonment. By like reasoning, it is apparent that the underlying and fundamental principal in Nowlin v. Wm. Cameron & Co., Inc., supra, is that Nowlin, owner of the drugstore, by transferring all his stock and fixtures to the corporation and by engaging in the exclusive business of manager for the corporation ceased his individual business on the premises and thereby abandoned his business homestead.

In this cause, appellant raises the issue that the appellee abandoned his business homestead in three ways, (a) by appellee being absent from the same at intervals on business jobs, (b) by appellee's fraudulent formation of a corporation and permitting said corporation to conduct its business out of the building claimed by appellee as his business homestead, and (c) by appellant's leasing out a portion of the premises to Richard G. Coffey.

■■■ The courts have spoken many times on the issue of abandonment. There must be (a) a discontinuance of use coupled with (b) a fixed intention never to return to the homestead or again use it as such. The rule has been expressed as to a business homestead in McDowell v. Northcross, Tex.Civ.App., 162 S.W. 13, 14, as follows: "In order to constitute an abandonment of a business homestead, the head of the family must cease to use it for the purposes for which it is exempt, and have no present intention to resume business on the property."

The Supreme Court of Texas in Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553, 576, quotes with approval the following rule: "The homestead, therefore, is not to be likened to prison bounds, within which the family must always remain, but to a sanctuary, to which they may always return. And an abandonment is accomplished, not by going away without any intention of returning at any particular time in the future, but by going away with the definite intention never to return at all."

Also see Keenan v. Burgess, Tex.Civ. App., 206 S.W.2d 1021.

It is further observed that the rules for determining whether a residence homestead has been abandoned obtain in determining whether a business homestead has been abandoned. Federal Petroleum Co. v. Pittman, Tex.Civ.App., 65 S.W.2d 359; Panhandle Construction Co. v. Head, Tex. Civ.App., 134 S.W.2d 779. Appellee testified as to his intent to continue the use of such property as his business homestead. There was no testimony denying such intent. This evidence of intent was admissible under the ruling of Federal Petroleum Company v. Pittman, supra.

■■ There is not to be found in the statement of facts any evidence of probative force that appellee ever ceased operating his business on said lots or that he ever had any intention to abandon the use of said property for his individual business. The rule governing construction of the homestead laws is stated by the Supreme Court in Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35, as follows: "The rule that homestead laws are to be liberally construed to effectuate their beneficent purpose is one of general acceptation." Following this rule, and others, laid down by the Supreme Court the trial court was not in error in holding under the evidence in the cause that the appellant had not abandoned his homestead by being temporarily absent therefrom or by the formation of a corporation which at times worked out of appellant's business homestead.

■ The second phase of appellant's points of error, which raises the issue of abandonment of the business homestead by appellee leasing a portion of the lots to Richard G. Coffey, presents a problem a bit more complex. Article 16, Section 51, Vernon's Annotated Texas Constitution provides as to renting as follows: "* * * provided also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired." It will be conceded that the record does not show the acquisition of any other homestead by appellee and also shows that he did by written contract lease a portion of the lots claimed

as his business homestead to one Richard G. Coffey for a period of three years and with an option for another three years. The rent funds were used to improve the homestead property as shown by the lease and by testimony. Under this issue the term "temporary renting" should be first defined. Houston Chronicle Publishing Company v. Allen, Tex.Civ.App., 70 S.W. 2d 482, 484, lays down the following rule: "So, the determination of whether or not the renting is temporary or permanent is dependent upon the intent of the head of the family as to whether or not he will again use the property as a homestead. If it be his intent to again use the property as a homestead, the rental is temporary; but if it be his intent not to again so use it, then it is permanent; and this is so without reference to the length of time covered by the rental contract. Nunn on Texas Homestead Exemptions, p. 174, § 13."

It is noted that the rule laid down as to "temporary renting" places the proposition squarely within the same rules as abandonment of homestead. Further, the length of time covered by the rental contract is not determinative of the question of abandonment of the homestead by a lease thereof.

■ An examination of the cause at issue in the light of Houston Chronicle Publishing Company v. Allen, supra, and the following authorities, leads to the conclusion that the ruling of the trial court that the homestead was not abandoned by the renting of a portion thereof is within the rules heretofore followed by the courts of Texas. Crockett et ux. v. Atkinson et ux., Tex.Civ.App., 107 S.W.2d 591; First State Bank of Memphis v. Seago, Tex.Civ.App., 120 S.W.2d 951; City of Amarillo v. Loden, Tex.Civ.App., 22 S.W.2d 969.

■ The appellant asserted in his two points of error that the trial court erred in finding as a matter of fact and in concluding as a matter of law that the North 10 feet of Lot 5 and all of Lots 6, 7 and 8, in Block 38, of the Original Town of Vernon in Wilbarger County, Texas, constituted the business homestead of the appellant and in cancelling appellant's judgment lien thereon. The burden was upon the appellant to prove abandonment of the homestead under the rule laid down by the Supreme Court in Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553, on page 577, as follows: "Moreover, the party asserting the abandonment of a homestead has the burden of proving it 'by evidence undeniably clear and beyond almost the shadow—at least all reasonable ground of dispute.'"

This rule was reaffirmed by the Supreme Court in Rancho Oil Co. v. Powell, 142 Tex. 63, 175 S.W.2d 960, on page 963.

■ When the uncontroverted evidence in the trial court is examined in the light of the applicable law, it is found that appellee has had no occupation, business or calling except the operation of his fixture construction business on the lots in issue and that he has acquired no other property or place to pursue this business or calling. Appellee owns no property other than his residence homestead and these lots in question which were his business homestead prior to the filing of appellant's lien. There is no evidence that appellee had abandoned such business homestead or that he had ever had any intent to abandon the same. The cause was tried before the court and the facts above so found. The findings of the court, based on the evidence in the cause, are conclusive on the parties and on the appellate court.

The appellants Points One and Two are overruled. The judgment of the trial court is affirmed.