Robert F. ECKARD et ux.

v.

CITIZENS NATIONAL BANK
IN ABILENE.

No. 5355.

Court of Civil Appeals of Texas,
Eastland.

Oct. 18, 1979.

Rehearing Denied Nov. 8, 1979.

Don M. Connally, Rutledge, Rutledge &
Connally, Abilene, for appellants.

Maurice Brooks, Brooks, Gordon, Shahan
& Hardaway, Abilene, David Stubbeman,
Wagstaff, Harrell, Alvis, Batjer, Stubbe-
man & Seamster, Abilene, for appellee.

McCLOUD, Chief Justice.

The issue for determination is whether
the evidence is legally and factually suffi-
cient to support the jury's finding that the
deed from Robert F. Eckard and wife, Rose
Mary Eckard, to ECK–R, Inc., their solely
owned corporation, was not a "pretended
sale."

The trial court rendered judgment fore-
closing a lien in favor of the Citizens Na-
tional Bank of Abilene. The Eckards ap-
peal. We affirm.

Robert F. and Rose Mary Eckard owned
and occupied the property in question as
their homestead prior to the transaction
made the basis of this suit. On September
28, 1977, they signed a deed conveying the
property to ECK–R, Inc., a previously exist-
ing corporation solely owned by the Eck-
ards. ECK–R, Inc., by its president, Robert
F. Eckard, signed a $68,000 deed of trust
note payable to Citizens National Bank.
The corporation executed a deed of trust
covering the property in question. Also,
the Eckards signed a personal guaranty
agreement protecting the Bank. The cor-
poration issued a resolution authorizing the
corporation to purchase the property from

the Eckards and empowering the Eckards to negotiate a loan from Citizens National Bank for $68,000. Following the transaction, ECK–R, Inc. made several payments on the note before defaulting. On July 25, 1978, ECK–R, Inc., by its president, Robert F. Eckard, conveyed the property in issue back to Robert F. Eckard and Rose Mary Eckard.

No question is raised concerning the personal liability of the Eckards or ECK–R, Inc. on the note. Only the issue of the Bank's right to foreclose its lien is before us.

The Eckards contend the evidence establishes as a matter of law that the sale to their solely owned corporation was a pretended sale for the sole purpose of placing a lien upon their homestead in violation of Tex.Const. art. 16, § 50, which provides that, "All pretended sales of the homestead involving any condition of defeasance shall be void." Alternatively, they urge that the jury's finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong. We disagree.

The court in *Hardie & Co. v. Campbell,* 63 Tex. 292 (1885) states:

"(I)t is not every sale of the homestead involving a condition of defeasance which it declares shall be void; but it declares that all pretended sales involving such conditions shall be void."

If it was intended by the parties that the title should vest in appellants by reason of the conveyance, but subject to be divested within the designated time by Campbell paying to appellants the specified amount, then such a transaction would amount to a sale, as contradistinguished from a pretended sale.

When confronted with a sale of a business homestead to a family-owned corporation, the court in *Mayfield v. First State Bank of Holland,* 19 S.W.2d 454 (Tex.Civ. App.—Austin 1929, no writ) said:

The only ground upon which it is claimed that the transaction was void, is that the property was the business homestead of Mayfield and wife, and their purpose in incorporating was to raise money to secure the indebtedness and conduct the business of the gin enterprise. This the parties had a right to do. We know of no inhibition against incorporating a business and conveying to the corporation the property on which the business is conducted, even if it constitutes a business homestead and the purpose is to obtain credit by making the business homestead an asset of the corporation.

See *Nowlin v. Wm. Cameron & Co.,* 54 S.W.2d 1035 (Tex.Civ.App.—Fort Worth 1932, writ ref'd).

Robert Eckard testified that it was his intention to sell the house to the corporation, and the corporation could then borrow money and put a valid lien on the property. The Eckards' attorney, who prepared the instruments involved in the transaction, testified that the purpose of the transaction was to convey the title and sell the property to the corporation. Crumpler, the Bank's employee, described the transaction as a conveyance by the Eckards to the corporation.

The Eckards failed to establish as a matter of law that the conveyance was a "pretended sale" for the purpose of placing a lien upon their homestead. After reviewing all the evidence, we cannot say the jury's finding is against the great weight and preponderance of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Judgment of the trial court is affirmed.

DICKENSON, J., not participating.