In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-469 CV


____________________



MARY LOU WILCOX AND MICHAEL L. ROSCOM, Appellants



V.



JOHN T. MARRIOTT, REBECCA A. MARRIOTT, AND


GUY WILLIAMS, SHERIFF, MONTGOMERY COUNTY, TEXAS, Appellees






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 01-04-02756-CV






OPINION


 Mary Lou Wilcox and Michael L. Roscom appeal the judgment entered after a jury
trial in a suit filed by John T. Marriott and Rebecca A. Marriott to enjoin execution on a
judgment Wilcox and Roscom obtained against Daniel Roscom. (1) Wilcox filed the abstract
of judgment in Montgomery County on August 4, 1999. Substantial changes to the
homestead laws of the State of Texas became effective January 1, 2000. See Tex. Const.
art. XVI, § 51; Tex. Prop. Code Ann. §§ 41.002, 41.005 (Vernon 2000). Roscom sold the
approximately 1½ acre property on which he and his wife lived to Marriott after the effective
date of the amendments. The jury found that Roscom intended to claim the property as his
homestead when he sold it to the Marriotts. The trial court ruled the entire parcel is included
in the homestead exemption from forced sale, and that the judgment lien did not attach to the
property. Wilcox raises five issues on appeal. We reverse and remand for entry of a new
declaratory judgment.

 In January 1995, Roscom filed with the appraisal district an application for residential
homestead exemption on the property. Virginia Chisum conveyed the property to Daniel
Roscom on July 19, 1995, by general warranty deed. Virginia Chisum married Daniel
Roscom on July 1, 1998. They lived on the property as their home until the Marriotts
purchased the property. Wilcox obtained a $200,000 judgment against Roscom on February
26, 1999. In March 1999, Roscom and his wife took out a home equity loan on the property
secured by a .99 acre tract, described by metes and bounds. In the home equity transaction,
the Roscoms executed an affidavit that stated the .99 acre tract was their homestead. The
documents securing the home equity loan describe the front part of the property as
homestead. Wilcox filed an abstract of judgment in Montgomery County on August 4, 1999. 
Wilcox offered no evidence regarding the indexing of the abstract of judgment and there is
no evidence that the abstract of judgment was properly indexed or of the date on which
indexing occurred. (2) On January 25, 2000, Roscom transferred the property to the Marriotts
by general warranty deed. Although Roscom's spouse signed the HUD settlement statement,
she did not join the deed. After paying the balance of the home equity note, Roscom realized
approximately $250,000 from the transaction and did not attempt to shield the proceeds from
execution. Wilcox did not seize the proceeds in Roscom's possession. On March 1, 2001,
a writ of execution issued as to any real estate of Daniel Roscom, and this litigation ensued. 

 The primary issue in this appeal concerns the effect of the 1999 amendments to the
homestead provisions in the Texas Constitution and the Texas Property Code. The
constitutional amendment expanded the maximum size of an urban homestead from one acre
to ten acres. See Act of May 21, 1999, 76th Leg., R.S., S.J.R. No. 22, 1999 Tex. Gen. Laws
6603. In integrating the constitutional amendment into the Property Code, the Legislature
provided that the changes in the law dealing with the size of the homestead, designation of
homestead, and excess acreage apply to execution under a writ of execution issued on or after
January 1, 2000, and that a lien on real property acquired before January 1, 2000, is governed
by the law in effect on the date the lien was acquired. See Act of May 28, 1999, 76th Leg.,
R.S., ch. 1510, 1999 Tex. Gen. Laws 5231-32. The new definition of "homestead" applies
to all homesteads in Texas, whenever created. Tex. Prop. Code Ann. § 41.002(d).

 Wilcox contends the change in the law can have no effect on the judgment lien
perfected by abstract of judgment, so execution should issue according to prior law. To reach
this construction, Wilcox must ignore the unequivocal language that the new law applies to
execution under a writ of execution issued on or after January 1, 2000. See 1999 Tex. Gen.
Laws at 5232, § 7(b). The Marriotts contend the judgment lien did not attach to Roscom's
homestead, which extended to the entire property as of January 1, 2000. Because Wilcox did
not determine and seize the excess while one existed, the Marriotts contend the entire tract
is exempt. To reach this construction, the Marriotts must ignore the unequivocal language
that the change in the law does not affect the validity of a lien acquired before January 1,
2000. See id., § 7(c). The trial court resolved the issue by applying the rule that homestead
laws are to be liberally construed to effectuate their beneficent purpose. See, e.g., Woods v.
Alvarado State Bank, 118 Tex. 586, 589-90, 19 S.W.2d 35 (1929). Because the purpose of
the law is to protect homesteads from seizure, the trial court's ruling effectuates the purpose
of the statute. Nonetheless, the Legislature expressed its intention to continue the prior law
for liens perfected before the effective date of the constitutional amendment. See 1999 Tex.
Gen. Laws at 5232, § 7(c). Generally, "when the property has not become a homestead at
the execution of the mortgage, deed of trust or other lien, the homestead protections have no
application even if the property later becomes a homestead." Inwood North Homeowners'
Ass'n, Inc. v. Harris, 736 S.W.2d 632, 635 (Tex. 1987). In this case, the property was always
Roscom's homestead; it is the homestead protections that did not apply to the entire parcel
when Wilcox filed the abstract of judgment.

 The execution on a money judgment may be had only upon property of the judgment
debtor which is subject to execution by law. Tex. R. Civ. P. 630. Effective January 1, 2000, 
Roscom's homestead rights expanded to the entire parcel and the new law governed any writ
of execution issued in 2000. Thus, regardless of the validity of the judgment lien, the entire
property was exempt from execution effective January 1, 2000. As of January 1, 2000, what
had been property in excess of the one acre homestead exemption became property within
the ten acre homestead exemption and was no longer subject to execution. Whether the
change in the law disencumbered the property from the pre-existing lien is another matter. 
The statutory construction applied by the trial court determined the validity of the lien based
upon the homestead law in effect on the date the writ of execution issued. A judgment lien
attaches to the non-exempt real property of the judgment debtor when an abstract of
judgment is filed and indexed in the county where the property is located. Tex. Prop. Code
Ann. § 52.001 (Vernon 2007). Assuming the filed abstract was properly indexed prior to
January 1, 2000, the lien attached to any non-exempt property before the effective date of the
amendments. A literal reading of the 1999 Property Code amendments gives Wilcox a lien
on Roscom's excess acreage; however, Wilcox cannot have execution because no writ of
execution issued before the homestead exemption expanded to include the entire tract. (3) We 
sustain issue one in part.

 Wilcox groups the following three issues in a single argument. Wilcox contends that
the trial court erred in allowing the Marriotts' expert witness to instruct the jury as to the law,
that the trial court erred in failing to instruct the jury as requested by Wilcox, and that the jury
erred in finding that Daniel Roscom claimed a homestead on the date of sale of the real
property. Wilcox argues the expert testimony and the refusal to instruct the jury as requested
caused the jury to fail to give proper weight to the testimony of Daniel and Virginia Roscom.

 Both parties provided expert witness testimony regarding the establishment, assertion,
and abandonment of the homestead protections of the State of Texas. Their specialized
knowledge assisted the jury in determining the factual issue in dispute, and as such was
generally admissible. See Tex. R. Evid. 702. Wilcox argues the Marriotts' expert misstated
the law when he testified that "[o]nce your homestead is established, you can either sell it,
you can die, or you can abandon it." This legal principle has been stated in caselaw several
times, including the opinion on an earlier appeal in this litigation, and Wilcox presents no
authority to establish that the expert incorrectly stated the applicable law. See Wilcox v.
Marriott, 103 S.W.3d 469, 472 (Tex. App.--San Antonio 2003, pet. denied); (4) see also Florey
v. Estate of McConnell, 212 S.W.3d 439, 444-45 (Tex. App.--Austin 2006, pet. denied);
Majeski v. Estate of Majeski, 163 S.W.3d 102, 107 (Tex. App.--Austin 2005, no pet.); Duran
v. Henderson, 71 S.W.3d 833, 842 (Tex. App.--Texarkana 2002, pet. denied); Patterson v.
First Nat'l Bank of Lake Jackson, 921 S.W.2d 240, 246 (Tex. App.--Houston [14th Dist.]
1996, no writ); Long Bell Lumber Co. v. Miller, 240 S.W.2d 405, 406 (Tex. Civ. App.--Amarillo 1951, no writ); Garrard v. Henderson, 209 S.W.2d 225, 229 (Tex. Civ. App.--Dallas 1948, no writ).

 The trial court refused four instructions requested by Wilcox: (1) "Claiming property
as a 'homestead' for tax purposes or to obtain a home equity loan does not, as a matter of
law, make the property 'homestead'."; (2) "A person may claim property as 'homestead'
today and refuse to claim the same property the next day. No one can force or require a
person to exercise their right to claim a 'homestead'."; (3) "A 'Homestead exemption' does
not arise as a matter of right. It is an exemption or right that may be waived at the option of
the party entitled to the exemption right."; and (4) "Pursuant to Tex. Constitution, Art. XVI,
§ 50, the legislature enacted Texas Family Code section 5.001, which provides that a spouse
may not 'sell, convey or encumber [a] homestead without the joinder of the other spouse'
even if the homestead is the separate property of the other spouse." "When a trial court
refuses to submit a requested instruction, the question on appeal is whether the request was
reasonably necessary to enable the jury to render a proper verdict." Tex. Workers' Comp. Ins.
Fund v. Mandlbauer, 34 S.W.3d 909, 912 (Tex. 2000) (op. on reh'g); see Tex. R. Civ. P.
277. "Further, for an instruction to be proper, it must (1) assist the jury; (2) accurately state
the law; and (3) find support in the pleadings and the evidence." Mandlbauer, 34 S.W.3d at
912; see Tex. R. Civ. P. 278. "The trial court has great latitude and considerable discretion
to determine necessary and proper jury instructions." Louisiana-Pacific Corp. v. Knighten,
976 S.W.2d 674, 676 (Tex. 1998). In this case, the trial court could have reasonably
determined that the requested instructions unfairly commented on the weight of the evidence. 
See Tex. R. Civ. P. 277.

 Wilcox refers the Court to the Roscoms' denials that they intended to claim the
property as exempt in January 2000, and contends this evidence is "direct, clear and positive"
such that the jury could not "deny proper weight to undisputed testimony" that Wilcox
contends is against the best interest of the witness. On April 27, 2001, Roscom signed an
affidavit that stated that he did not claim the property as exempt from any judgment or
attachment lien at the time he sold it to the Marriotts and that at the time of the sale he was
not asked if the property was homestead or exempt. On January 25, 2001, Daniel Roscom
signed an affidavit that "[t]o the best of Seller's knowledge, no loans or liens (including
federal or state liens and judgment liens) of any kind on such property [sic] during Seller's
ownership except [the home equity mortgage]." In his deposition, Roscom stated, "I think
at the signing of this document at the sale of the house, I did not consider it homestead." He
also admitted that he did not consider any other property to be his homestead on the date of
the sale, that he was living on the property on that date, that at no point prior to signing the
deed did he abandon the property or leave it with no intention to return, and that he never
filed any documents with the taxing authorities to remove the homestead exemption from his
home. Roscom claimed he could not recall if anything changed between the time he took out
a home equity loan and the sale of the property. Virginia Roscom admitted in her deposition
that when she took out the home equity loan, she signed a statement that the property was her
homestead. She also admitted that she resided on the property from 1994 until she moved
out in January 2000, she never lived anywhere else, and never abandoned the property. 
Virginia Roscom testified that she considered the property to be her homestead between 1994
and 2000, but she did not call it her homestead because she had deeded the property to Daniel
Roscom. With the satisfaction of a $200,000 judgment against one of them at issue in the
litigation, the Roscoms were not disinterested witnesses. Their testimony was inconsistent
and incredible rather then clear and unequivocal as Wilcox argues. The jury heard evidence
that the Roscoms lived on the property and treated it as their homestead to the exclusion of
all other property through the date of the sale to the Marriotts. "The possession and use of
real estate by one who owns it, and who, with his family, resides upon it makes it the
homestead of the family in law and in fact." Lifemark Corp. v. Merritt, 655 S.W.2d 310, 314
(Tex. App.--Houston [14th Dist.] 1983, writ ref'd n.r.e.). The record neither demonstrates
that the jury was incorrectly instructed on the law, nor that uncontroverted testimony refuted
the homestead character of the property. We overrule issues two through four.

 The final issue contends that the Marriotts "are not entitled to equitable subrogation." (5) 
Wilcox cites no authority in support of this issue, and argues only that the Marriotts' title
company had notice of the judgment. The issue is inadequately briefed. See Tex. R. App.
P. 38.1(h); Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994). 
Because we reverse the trial court's declaratory judgment regarding attachment of the
judgment lien against the property in excess of one acre, the trial court may reconsider the
issue of equitable subrogation on remand.

 Because the abstract of judgment could attach to that part of the property which
exceeds one acre, we hold that the trial court erred in declaring that the abstract of judgment
did not attach to or encumber any portion of the property. We reverse the trial court's
judgment, and remand the cause to the trial court for entry of a new declaratory judgment
consistent with this Opinion.

 REVERSED AND REMANDED.





 ______________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on March 22, 2007

Opinion Delivered July 12, 2007


Before McKeithen, C.J., Kreger and Horton, JJ.
1. For ease of discussion, we refer to Mary Lou Wilcox and Michael L. Roscom as
"Wilcox" and refer to Daniel Roscom as "Roscom." The Roscoms are brothers. Daniel
Roscom was not joined as a party in the Marriotts' suit to enjoin execution on the judgment.
The appellants have not challenged the take nothing judgment granted to Guy Williams in
his capacity as Sheriff of Montgomery County.
2. Other than a request for attorney's fees, Wilcox did not file a counterclaim or seek
affirmative relief from the trial court.
3. In hindsight, the enacting legislation appears somewhat incongruous, but judgment
lien holders had from the date of the election until the new year to obtain writs of execution,
and the Legislature could have determined that period of time would be sufficient to effect
the transition to the new homestead protections. See 1999 Tex. Gen. Laws at 5232, § 7(b),
(c).
4. In an excellent opinion delivered pursuant to a docket equalization order, the San
Antonio court held that a fact question regarding Roscom's credibility precluded summary
judgment for Marriott. Id. at 476. It appears the parties had not yet identified the primary
issue now raised on appeal.
5. The Marriotts sought a declaratory judgment that they are equitably subrogated to
the lien position of the home equity lender, and they offered evidence at trial to support the
pleading. The closing documents establish that the proceeds of the purchase price paid by
the Marriotts paid off the balance of the home equity note secured by a deed of trust that pre-dated the abstract of judgment. The judgment does not declare the Marriotts' rights to
equitable subrogation.